UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERI BENDICK, | ) | CIVIL ACTION NO. 4:20-CV-783 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| Defendant | ) | |

MEMORANDUM OPINION

I. INTRODUCTION

Sheri Bendick ("Plaintiff"), an adult individual who resides within the Middle District of Pennsylvania, initiated this *pro se* civil action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §405(g).

This matter is before me, upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. For the reasons explained below, Plaintiff's case is dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's May 13, 2020, December 29, 2020, and March 4, 2021 Orders.

II.     RELEVANT PROCEDURAL HISTORY

On May 13, 2020, Plaintiff lodged a *pro se* appeal of the Social Security Administration's final decision denying Plaintiff's application for disability insurance benefits. (Doc. 1). Along with her Complaint, Plaintiff filed a Motion requesting leave to proceed *in forma pauperis*. (Doc. 2).

On the same day this case was lodged, the Court issued a Standng Practice Order in Social Security Appeals which sets forth the briefing and other litigation responsibilities that arise during the course of a Social Security appeal. (Doc. 4). The Standing Practice Order states, in relevant part, "4) Within forty-five (45) days after service of the defendant's answer, the plaintiff shall serve and file a brief containing the following: statement of the case, statement of errors, argument and conclusion." (Doc. 4, p. 2) (citing LR 83.40.7).

On May 14, 2020, the Court granted Plaintiff's Motion seeking leave to proceed *in forma pauperis*, and directed the Clerk of Court to issue process to the U.S. Marshal for service upon the Commissioner. (Doc. 5).

On November 5, 2020, the Commissioner filed her Answer and a transcript of the certified administrative record. (Docs. 17, 18).

Pursuant to the Court's Standing Practice Order in Social Security Cases, and LR 83.40.7, Plaintiff's Brief was due 45 days later—on or before December

21, 2021. No brief was received on or before that date. Plaintiff did not request additional time.

On December 29, 2020, the Court issued an Order directing Plaintiff to file her brief on or before January 22, 2021. (Doc. 19). In that Order, Plaintiff was advised that if she did not file her brief on or before January 22, 2021, her case may be dismissed. No brief was received on or before that date. Plaintiff did not request additional time.

On March 4, 2021, the Court issued a second Order directing Plaintiff to file her brief on or before April 5, 2021. (Doc. 20). In that Order, Plaintiff was advised that if she did not file her brief on or before April 5, 2021, her case may be dismissed. No brief was received on or before that date. Plaintiff did not request additional time.

III.   ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Similarly, the United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,'" governed not be rule or statute but by the control necessarily vested in the courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting *Briscoe v. Klaus*, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's

case..." *Briscoe*, 538 F.3d at 263 (quoting *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992)). Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (internal citations and quotations omitted). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson,* 296 F.3d 184; *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs in favor of dismissal.

The first *Poulis* factor, the extent of Plaintiff's personal responsibility, weighs in favor of dismissal. As a *pro se* litigant, it is Plaintiff's responsibility to prosecute this case, and abide by court orders. As mentioned, Plaintiff was afforded two extensions of time *sua sponte*. Plaintiff has filed nothing in response to those orders.

The second *Poulis* factor, the prejudice to Defendants caused by Plaintiff's inaction, also weighs in favor of dismissal. Plaintiff has caused prejudice to the

Commissioner because she has named her in a federal lawsuit, which now cannot proceed due to Plaintiff's inaction. *See e.g.*, *Morrison v. Colvin*, 1:15-CV-1683, 2016 WL 2591881 at *2 (M.D. Pa. Apr. 15, 2016) (finding that a plaintiff's failure to file supporting brief caused prejudice to the Commissioner) *Report & Recommendation adopted by* 2016 WL 2347186 (May 4, 2016).

The third *Poulis* factor, history of dilatoriness, weighs in favor of dismissal in this case. Plaintiff's brief was initially due in December 2020. Plaintiff has failed to respond to two orders, filed after the expiration of that deadline, to respond. This case cannot proceed without Plaintiff's compliance. This Court has found similar conduct is enough to show a history of dilatoriness in other social security appeals. *Id.*

The fourth *Poulis* factor, whether Plaintiff's inaction is willful or in bad faith, weighs in favor of dismissal. Plaintiff has not filed anything or had any contact with the Court since she consented to the undersigned's jurisdiction in July 2020. (Doc. 9). The Commissioner was unable to communicate with Plaintiff after attempting to seek concurrence for an extension of time in October 2020. (Doc. 15-1). Plaintiff has not attempted to respond or contact the Court after receiving its orders in December 2020 or March 2021. Nothing suggests Plaintiff did not receive these orders. This Court has found similar conduct is enough to

demonstrate that a plaintiff's action is "willful." *Morrison*, 2016 WL 2591881 at *3.

The fifth *Poulis* factor, the effectiveness of other sanctions, weighs in favor of dismissal. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis,* 747 F.2d at 868. Plaintiff is proceeding *pro se* and *in forma pauperis*, and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. Moreover, Plaintiff's failure to comply with the Court's orders directing her to file a brief leads to an inference that further orders would not be effective. Therefore, no other sanction would be effective.

The sixth *Poulis* factor, the meritoriousness of Plaintiff's claims, is not applicable to this case. Typically, a Plaintiff would assert the legal arguments in support of his or her social security appeal in his or her brief. *See* LR 83.40.4 (requiring that a plaintiff's brief contain a statement of errors, and argument setting forth the contentions of plaintiff with respect to each issue and the reasons therefor). Because Plaintiff has not filed a brief, an evaluation of this case's merits is not possible. Furthermore, because all of the other factors weigh in favor of dismissal, it is unlikely that an evaluation of the merits of this case would change the outcome.

IV.     CONCLUSION

Accordingly, I find that Plaintiff's Complaint should be DISMISSED without prejudice due to Plaintiff's failure to abide by multiple court orders, and failure to prosecute. An appropriate order will issue.


Date: September 28, 2021                    BY THE COURT

                                            *s/William I. Arbuckle*
                                            William I. Arbuckle
                                            U.S. Magistrate Judge